458

## CIRCUIT COURT OF THE CITY OF RICHMOND

Valley Nursing Homes, Inc., et al.

v.

Commonwealth of Virginia et al.

Case No. HJ-1819-1

BY JUDGE MELVIN R. HUGHES, JR.

December 30, 1998

This case is before the court on the complainants' requests under the Virginia Administrative Process Act in a Petition for Appeal, a Motion for Temporary and Permanent Injunction, and a Motion for Summary Judgment. The Respondents have filed a Cross-Motion for Summary Judgment, which the complainants object to on the ground of untimeliness.

Complainants brought on for hearing the Motion for Summary Judgment which has been heard and argued. Thereafter, the court took the motion under advisement. The court finds, as the respondents contend, that it is without jurisdiction in the matter. Accordingly, the court will deny the complainants' request for summary judgment.

As noted, the complainants have brought this action under the Virginia APA. They contest the validity of the Virginia Department of Medical Assistance Service (DMAS) promulgation of certain regulations called the Specialized Care Regulations. These concern reimbursement schemes applicable to nursing care facilities that participate in the Virginia Medicaid program and contract with DMAS to provide specialized care to Virginia Medicaid recipients.

Briefly, complainants, who are nursing home facilities and an association of licensed providers of long term care, contest DMAS' withdrawal of the

regulations and amendment of them without beginning the regulatory process, i.e. publication, public hearings, public comment, etc., anew. The regulations are due to take effect on January 1, 1999. While the parties dispute, *inter alia*, whether DMAS' action was a withdrawal of the regulations or a final amendment of them, I believe the complainants' request is premature under the APA.[1] As noted, the regulations are not due to take effect until January 1, 1999. Section 9-6.14:4.3 provides that a final regulation adopted under the APA shall only become effective at the conclusion of the thirty day adoption period provided in subsection D of § 9-6.14:9.1 or at a later date determined by the agency. Because these regulations will not be effective until January 1, 1999, the court worries that there may not be jurisdiction by way of a summary judgment disposition under the APA. Accordingly, complainants' request for summary judgment is denied.

June 18, 1999

In this appeal under the Administrative Process Act (APA), after the court has ruled in complainant's favor, complainants have moved for attorney's fees and costs pursuant to Va. Code § 9-6.14:21.

The complainants, nursing homes and an association of nursing homes, initiated the appeal on October 9, 1998. In their Petition for Appeal, complainants sought to have certain specialized care regulations promulgated by the Virginia Department of Medical Assistance Services declared unlawful and set aside. The regulations govern a scheme of medicaid reimbursement. In essence, the complainants argued that, under the law made and provided in the APA, DMAS was not permitted to withdraw proposed regulations and later republish them without initiating the regulatory adoption process anew. The court agreed and so ruled at a hearing on January 22, 1999. That ruling was implemented in an order dated February 4, 1999, which was later modified to delete an award of attorney's fees, pending further consideration by the court.

Va. Code § 9-6.14:21 provides that a party to an appeal under the APA may recover reasonable costs and attorneys' fees "if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust." This section also limits any award of attorney's fees to $25,000. Under this standard, the court decides to deny the motion.

---

[1] The court will leave for later determination whether the regulations are adopted and thus effective now for purposes of the APA or are effective only as of January 1, 1999, as discussed at the hearing.

Complainants have satisfied the first prong of the above standard for an award of attorney's fees. They prevailed on the merits of the cause, and, by doing so, they were successful in the position that DMAS could not suspend the regulatory process and then restart it upon republication of revised final regulations without beginning the process anew.

Under the second prong of the standard, the court finds that the agency position was substantially justified. However, the mandate of the APA requiring that, once regulations are withdrawn, the regulatory process must start anew, is clear. The only justification for the practice to suspend the regulatory process was what DMAS assigned as the practice of the Virginia Registrar to allow republication after withdrawal of regulations. There is no place in this case to rely on the experience or expertise of the Registrar since the APA specifically requires that the regulatory process begin anew.

Notwithstanding this misplaced reliance by the agency, the issue presented was one of first impression. Neither party could cite to the court any authority in Virginia on the effect of a withdrawal or a "suspension," as DMAS contended, with respect to whether the enactment of regulations can continue or start anew with notice, hearings, etc. under the circumstances. And, while it is the court's view that the law under the APA dictated the result in complainants' favor and that DMAS' reliance on the Registrar as authority was misplaced, issues were in uncharted waters.

In analyzing similar federal statutes which provide for attorney's fees, the various circuits have found that untried issues and losing arguments can still be substantially justified. "The loss of a trial does not determine whether the United States' position was substantially justified. Nor does the "substantially justified standard require the United States to establish that its position was based on a 'substantial probability of prevailing'." *Securities & Exchange Comm'n v. Fox*, 855 F.2d 247, 252 (5th Cir. 1988). Rather, the standard allows the government to advance in good faith ... novel but credible ... interpretations of the law that often underlie vigorous enforcement efforts." *Russel v. National Mediation Bd.*, 775 F.2d 1284, 1290 (5th Cir. 1985). The court finds that the agency's position was substantially justified since this was a case of first impression.

For these reasons, the court will deny the complainants' request under Va. Code § 9-6.14:21.1 for attorney's fees.